**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

Lilbert H. Gregory,

                Plaintiff,       Case Nos. 19-cv-11421;
                                    19-cv-11680

v.

                                  Judith E. Levy
Carl F. Gerds III & Diane      United States District Judge
Druzinski,

                                  Mag. Judge Elizabeth A. Stafford
                Defendants.

_____/

**OPINION AND ORDER CONSOLIDATING CASE NOS. 19-CV-11421 AND 19-CV-11680 AND SUMMARILY DISMISSING**

## I.   Introduction

Before the Court are Plaintiff Lilbert H. Gregory's pro se civil rights complaints filed pursuant to 42 U.S.C. § 1983. Gregory is an inmate incarcerated at the Macomb County Jail.

In the complaint filed in Case No. 19-cv-11421, Gregory sues Michigan Judges Carl F. Gerds III and Diane Druzinski. He asserts that he has a pending criminal case in Macomb County for armed robbery, and claims that on December 7, 2018, Gerds set pretrial bond at $750,000. Additionally, Gregory alleges that on April 22, 2019,

Drusinski denied his motion to reduce this bond. As a result, he requests the Court "to grant [him] a reasonable bond with 10%. [He] would also like the Court to award [him] lost and punitive damages. [He] respectfully ask[s] the Court to remove the Hon. Judge Diane Druzinski from [his] criminal proceedings." (ECF No. 1, PageID.4–5).

In the complaint filed in Case No. 19-cv-11680, Gregory sues Druzinski for allowing his race to be listed as Black in his police report. He also reiterates his claims about excessive bail. Finally, Gregory seeks an order compelling the state court to set reasonable bail and damages.

The Court consolidates these two cases into one action. And after careful review of the complaints, summarily dismisses both of them.

## II.   Standard of Review

Gregory was granted permission to proceed without prepayment of fees, otherwise known as proceeding *in forma pauperis*. *See* 28 U.S.C. § 1915(a). Under the Prison Litigation Reform Act, the Court is required to dismiss any *in forma pauperis* action filed by a prisoner brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a

defendant immune from such relief. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). However, the Court must read a pro se complaint generously, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept the allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

## III. Consolidation

Federal Rule of Civil Procedure 42 (a)(2) indicates that a district court may consolidate actions which "involve a common question of law or fact." And a district court is also permitted to consolidate separate civil rights actions prior to screening the case. *See, e.g., Johnson v. Johns*, 100 F. App'x 496, 496 (6th Cir. 2004). Gregory's two civil rights cases involve a common question of law or fact. And as such, these cases will be consolidated into one action.

## IV. Analysis

### A. Request for Pretrial Bond

Gregory first asks the Court to grant him a reasonable bond. In *Younger v. Harris*, 401 U.S. 37, 45 (1971), the United States Supreme Court held that federal courts should not enjoin pending state criminal proceedings except in a "very unusual circumstance" where an injunction is necessary to prevent "both great and immediate"

irreparable injury. This is the *Younger* abstention doctrine. It instructs federal courts to abstain from interfering in state cases where: (1) there is a pending or ongoing state judicial proceeding; (2) that implicates important state interests; and (3) where there is an adequate opportunity in the state proceedings for the defendant to raise constitutional challenges. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *GTE Mobilnet of Ohio v. Johnson*, 111 F.3d 469, 481 (6th Cir. 1997).

The first factor applies here because, as Gregory explains, his armed robbery charges remain pending in the Macomb Circuit Court. And even if this were not the case, he would first have to exhaust his state appellate remedies before asking this Court to interfere. *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 608 (1975).

Next, the second factor also applies because "there is no question that the ongoing prosecution implicates important state interests." *Davis v. Lansing*, 851 F. 2d 72, 76 (2nd Cir. 1988); *See also Hansel v. Town Court for Town of Springield*, N.Y., 56 F. 3d 391, 393 (2nd Cir. 1995) ("it is axiomatic that a state's interest in the administration of criminal justice within its borders is an important one."). And finally,

the third factor applies. The bond decision of the Macomb Circuit Court is appealable through the Michigan court system. *See* Mich. Ct. R. 6.106(H); 7.203(B)(1). So Gregory should proceed down that path to challenge the constitutionality of his bail decision. Federal courts presume that state courts are willing and able to protect federal rights and interests. *See Kelm v. Hyatt*, 44 F.3d 415, 420 (6th Cir. 1995).

Because these three factors are met, Gregory's claim is barred by the *Younger* abstention doctrine./

## B.     Racial Identification in Police Report

Gregory asserts that indicating his race as Black in the police report violates the Thirteenth Amendment. But the Thirteenth Amendment is inapplicable to the facts raised in his complaints. *See United States v. Kozminski*, 487 U.S. 931, 942 (1988) ("The Thirteenth Amendment declares that '[n]either slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.'"). Nothing about indicating Gregory's race in the police report violates the constitutional prohibition against slavery or involuntary servitude.

5

## C.    Request for Damages and Judicial Immunity

Finally, Gregory also seeks damages. As state judges, both Gerds and Druzinski "enjoy absolute immunity from liability under 42 U.S.C. § 1983" when performing their officials duties. *Leech v. DeWeese*, 689 F.3d 538, 542 (6th Cir. 2012) (citing *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004)). Absolute immunity in this context means Gregory cannot sue Gerds or Druzinski for acts taken in their capacity as state court judges. This immunity extends to judges and magistrates performing discretionary acts of a judicial nature. *Krajicek v. Justin*, 991 F. Supp. 875, 876 (E.D. Mich. 1998) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)); *see also Dean v. Byerley*, 354 F.3d 540, 555–56 (6th Cir. 2004) (explaining that any state official whose acts are judicial in nature are entitled to absolute immunity based on those acts).

Absolute immunity for state judges can only be overcome under two circumstances: (1) if the claim involves nonjudicial actions on behalf of the state judge, or (2) if the claim involves actions judicial in nature that are taken in the complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11–12 (1991)). Gregory has not alleged that either of

these exceptions are applicable. Gregory cannot therefore sue Gerds and Druzinski for damages.

*

Accordingly, **IT IS ORDERED** that these consolidated cases be **DISMISSED**.

IT IS SO ORDERED.

Dated: July 26, 2019          s/Judith E. Levy
  Ann Arbor, Michigan          JUDITH E. LEVY
           United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 26, 2019.

s/Shawna Burns
SHAWNA BURNS
Case Manager