UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lilbert H. Gregory,

      Plaintiff,  Case Nos. 19-11421; 19-11680

v.  Judith E. Levy
  United States District Judge
Carl F. Gerds III & Diane
Druzinski,  Mag. Judge Elizabeth A. Stafford

      Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR JUDGMENT [13] GRANTING HIS MOTION TO SUPPRESS FILING FEE [15], AND DENYING AS MOOT HIS MOTION TO MODIFY/RESCIND FILING FEE [17]**

Before the Court are Plaintiff Lilbert H. Gregory's motion for judgment (ECF No. 13), motion to suppress filing fee payment (ECF No. 15), and motion to modify/rescind filing fee for one year (ECF No. 17). For the reasons set forth below, the Court denies Plaintiff's motion for judgment, grants in part his motion to suppress the filing fee and denies as moot the motion to modify/rescind the filing fee.

  **I. Background**

Plaintiff's *pro se* civil rights complaint, filed under 42 U.S.C. §1983, was consolidated and summarily dismissed on July 26, 2019. Plaintiff sued Defendants Michigan Judges Carl F. Gerds III and Diane Druzinski, and he alleged that (1) he should receive a reasonable bond; and (2) the police report in his case should not have indicated his race. (ECF No. 1.) He sought damages from Defendants.

The Court dismissed these claims for the reasons set forth in its opinion and order consolidating and dismissing the case. (ECF No. 7.) Judgment was entered in this case on the same date the opinion and order were issued: July 29, 2019. (ECF No. 9.)

## II.   Motion for Judgment

On November 7, 2019, Plaintiff submitted an item he entitled a motion for judgment notwithstanding the verdict, but which was docketed as a motion for judgment. (ECF No. 13.) In his motion, Plaintiff argues that the Court should set aside his underlying state-court conviction on the grounds of insufficient evidence. (*Id.*) He argues that the jury's verdict in his case was "against the great weight of the evidence" and that he is "not satisfied that justice was done in this case." (*Id.*) He also claims that his conviction was unconstitutional under the

2

due Process Clause of the Fourteenth Amendment of the United States Constitution. (*Id.* at PageID.40.) He further argues that he gave his attorney five motions that his attorney did not file during his trial, because his attorney told him they were frivolous. Plaintiff disagrees with his attorney's trial strategy. (*Id.* at PageID.42.)

Plaintiff's motion regarding the sufficiency of the evidence at his trial is a post-judgment motion. If the motion had been filed in a timely manner, the Court may have construed it as a motion for reconsideration. However, motions for reconsideration must be filed within the allowable timeframe under the local court rules. *See* E.D. Mich. LR 7.1(h). Here, Plaintiff filed this motion over three months after that deadline passed. Accordingly, it cannot be considered because it is untimely.

Even if it were timely, the motion could not be construed as a motion for reconsideration because, as set forth above, it does not regard the subject matter that was the basis of this case. Courts should not reconsider an issue raised for the first time in a motion for reconsideration. *Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("We have found issues to be waived when they are raised for the first time in motions for reconsideration."). Rather, Plaintiff's motion

3

relates to Plaintiff's underlying case in Michigan court, which is an issue that was never before this Court. Accordingly, Plaintiff's motion for judgment is denied.

### III. Motion to Set Aside Filing Fee

On January 22, 2020, Plaintiff filed a motion to set aside the filing fee. (ECF No. 15.) As background, all plaintiffs, including prisoners, must prepay a $350 filing fee to initiate a civil case in federal court. 28 U.S.C. §1915(b). On May 5, 2019, the Court entered an order waiving prepayment of the filing fee, but ordered that "Plaintiff make monthly payments of twenty percent (20%) of the preceding month's income credited to [his] account" until he has paid the $350 total. (ECF No. 4, PageID.11.)

Now, Plaintiff argues that he does not have the means to make the payments that he owes because he earns only $11.00 per month. At this earning rate, he argues the 20% payment leaves him with insufficient funds to obtain basic necessities while imprisoned. (ECF No. 15, PageID.47.) He asks the Court to either waive the fee or delay his obligations to pay it until at least 2022. (*Id*.) He filed another motion on

February 18, 2020, seeking essentially the same relief, except asking that the Court waive or delay his obligations until 2021. (ECF No. 17.)

The Court construes Plaintiff's motion as a motion for reconsideration of its order granting Plaintiff IFP status. However, Plaintiff's motion was again untimely. *See* E.D. Mich. LR 7.1(h). Yet, under the circumstances of the current COVID-19 pandemic, the Court has learned that many federal prisoners nationwide are required to purchase their own personal hygiene products, including hand sanitizer and other supplies to protect their health and safety while imprisoned. The Court finds that Plaintiff's argument that his $11.00 income is insufficient to sustain his basic needs is compelling under these extraordinary circumstances. *See e.g.* https://www.michiganradio.org/post/prisons-and-jails-change-policies-address-coronavirus-threat-behind-bars.

Accordingly, the Court orders that Plaintiff's payments of his filing fee are to be held in abeyance until January 1, 2021.

## IV. Conclusion

For the reasons set forth above, the Court DENIES Plaintiff's motion for judgment (ECF No. 13); GRANTS IN PART Plaintiff's motion

5

to set aside or modify his filing fee payments (ECF No. 15); and DENIES as moot Plaintiff's second motion to set aside or modify his filing fee payments (ECF No. 17).

Court ORDERS the agency having custody of Plaintiff to suspend Plaintiff's payments until 2021. After January 1, 2021, the agency having custody of Plaintiff must forward to the Clerk of the Court, on a monthly basis if funds are available, twenty percent (20%) of the preceding month's income credited to Plaintiff's account. The Court will notify the agency having custody of Plaintiff when Plaintiff has paid the entire filing fee of $350.00. Plaintiff's existing authorization to withdraw funds from Plaintiff's trust fund account will continue to be effective.

IT IS SO ORDERED.

Dated: July 27, 2020          s/Judith E. Levy
Ann Arbor, Michigan           JUDITH E. LEVY
                              United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 27, 2020.

s/William Barkholz

                                                                                               WILLIAM BARKHOLZ  
                                                                                               Case Manager